**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

v.

FRANCISCO JAVIER VALENCIA-
GUILLEN, a.k.a. Francisco Javier
Valencia, a.k.a. Francisco Valencia-
Guillen,

          Defendant - Appellant.

No. 14-10461

D.C. No. 4:14-cr-00529-JAS

MEMORANDUM[*]


Appeal from the United States District Court
for the District of Arizona
James A. Soto, District Judge, Presiding

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

    Francisco Javier Valencia-Guillen appeals from the district court's judgment

and challenges the 48-month sentence imposed following his guilty-plea

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conviction for conspiracy to transport and harbor illegal aliens for profit, and harboring illegal aliens for profit, in violation of 8 U.S.C. § 1324(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Valencia-Guillen contends that the district court erred by (1) failing to resolve his objections to the presentence report, in violation of Federal Rule of Criminal Procedure 32(i)(3)(B); (2) relying on hearsay statements contained in law enforcement reports; and (3) applying the preponderance of the evidence standard when imposing contested sentencing enhancements. We review for plain error, *see United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013), and find none. The court satisfied Rule 32 by explicitly overruling all of Valencia-Guillen's objections and adopting the reasoning contained in the government's response and the addendum to the presentence report. *See United States v. Doe*, 488 F.3d 1154, 1158-59 (9th Cir. 2007). Moreover, the hearsay statements made by codefendants and witnesses were consistent, providing the minimal indicia of reliability necessary to allow their consideration at sentencing. *See United States v. Berry*, 258 F.3d 971, 976-77 (9th Cir. 2001). Finally, even assuming Valencia-Guillen is correct that the facts underlying the contested enhancements should have been proved by clear and convincing evidence, that standard was met here.

Valencia-Guillen's motion to take judicial notice of his plea agreement in his New Mexico case is granted.

**AFFIRMED.**